**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CAROLINA CUETO,

      Plaintiff,

vs.                                                                                                            NO. CIV 07-1302 RB/CG

TEACO ENERGY SERVICES, INC.,
and ABC RENTAL TOOL CO., INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, Defendants' Partial Motion to Dismiss is **DENIED**.

**I.     Background.**

Plaintiff Caroline Cueto began working for ABC Rental Tool Co., Inc. (hereinafter "ABC Rental"), in Eunice, New Mexico in December 2005. Plaintiff alleges that, beginning in June 2006, she was harassed by James Chenault, Operations Manager and Vice President of ABC Rental, Teaco Energy Services, Inc. (hereinafter "Teaco"), and Eunice Well Servicing, Co., Inc. (Eunice Well).

On April 9, 2007, Plaintiff filed a Charge of Discrimination (hereinafter "EEOC charge") against her employer, ABC Rental, with the State of New Mexico, Department of Labor, Human Rights Division, alleging multiple incidents of sexual harassment, discrimination, and retaliation. The United States Equal Employment Opportunity Commission (hereinafter "EEOC") and the New Mexico Human Rights Division (hereinafter "Human Rights Division") have a work sharing agreement, ensuring that Ms. Cueto's complaint was filed with both agencies. On October 1, 2007, the EEOC terminated its processing of Plaintiff's charge, noting that it would be unable to complete

its administrative processing in 180 days, and issued Plaintiff a Notice of Right to Sue. On March 10, 2008, the Human Rights Division issued Plaintiff an Order of Nondetermination, affording Ms. Cueto the right to pursue her claim under the NMHRA in court.

On April 16, 2008, Plaintiff filed her First Amended Complaint, alleging violations of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and the New Mexico Human Rights Act (hereinafter "NMHRA"), including claims that she was the victim of a hostile work environment, sexual harassment, retaliation, constructive discharge, and negligent supervision and retention. On May 7, 2008, Defendants filed their Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## II.     Rule 12(b)(1) Motion to Dismiss Standard.

Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it. *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir.1994). The party pleading jurisdiction must allege "facts essential to show jurisdiction." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence. *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir.1994).

A Rule 12(b)(1) motion, challenging subject matter jurisdiction, can take one of two forms. First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995). In reviewing a facial attack, the Court must accept the allegations in the complaint as true. *Id.* Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). In reviewing a factual attack, the Court has "wide discretion to allow affidavits, other

documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Holt*, 46 F.3d at 1003. In the course of a factual attack under Rule 12(b)(1), the Court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion. *Stuart*, 271 F.3d at 1225.

**III.     Discussion.**

Defendants have challenged the facts upon which subject matter jurisdiction is based, alleging that Plaintiff failed to exhaust her administrative remedies as to her claim of hostile work environment and as to her claims against Defendant Teaco (Doc. 6).  This Court lacks jurisdiction to review Title VII or NMHRA claims unless a plaintiff has exhausted her administrative remedies by filing a charge with the EEOC and the Human Rights Division. *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir.1997); *Mitchell-Carr v. McLendon*, 127 N.M. 282, 287 980 P., 702d 65 (N.M. 1999). The burden, therefore, is on the Plaintiff to demonstrate, by a preponderance of the evidence, that she has filed a timely complaint with the EEOC and Human Rights Division as to her hostile work environment claim and her claim against Defendant Teaco. *Celli*, 40 F.3d at 327.

The Tenth Circuit Court of Appeals' "continuing violation doctrine" instructs that "[w]hen an employee seeks judicial review for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC." *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994).  In *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003), the Tenth Circuit partially abrogated the "continuing violation doctrine," holding that "unexhausted claims involving discrete employment actions are no longer viable." *Martinez*, 347 F.3d at 1210 (relying on the Supreme Court's holding in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).  However, The Tenth Circuit's holding in *Martinez* does not extend to hostile work environment claims. *Martinez*, 347 F.3d at 1211 (noting

3

that the Tenth Circuit expressly acknowledged that its holding did not extend to hostile work environment claims and that the Supreme Court did not apply its holding in *Morgan* to hostile work environment claims). Indeed, "*Morgan* specifically provides that the hostile work environment underlying a Title VII claim may include acts taking place after the plaintiff files an EEOC charge if those acts contribute to the same hostile work environment that existed during the filing period." *Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1310 (10th Cir. 2005). The "continuing violation doctrine," therefore, remains applicable to hostile work environment claims. *See Martinez*, 347 F.3d at 1210; *see also Ulibarri v. State of New Mexico Corrections Academy*, 139 N.M. 193, 197-98, 131 P.3d 43, 47-48 (N.M. 2006) (applying the Supreme Court's decision in *Morgan* and the "continuing violation doctrine" to the NMHRA).

Defendants argue that Plaintiff has failed to exhaust her administrative remedies as to her claim of hostile work environment. Plaintiff's EEOC charge, however, includes allegations that reasonably suggest she was the victim of a hostile work environment. Plaintiff's EEOC charge–which alleges multiple incidents of sexual harassment, discrimination, and retaliation, occurring over an extended period of months (June 2006 to April 2007)–indicates that she expected the EEOC and the Human Rights Division to investigate both the discrete retaliatory and discriminatory acts and the sum of those acts, i.e., a hostile work environment (Docs. 7-3, 7-4). *See Mitchell v. City and County of Denver*, 112 Fed.Appx. 662, 667 (10th Cir. 2004) (unpublished) (noting that precise pleading is not required for Title VII purposes and that conduct that would fall within the scope of an EEOC investigation can reasonably be expected to grow out of an EEOC charge). The Court, therefore, finds that, because Plaintiff's EEOC charge includes allegations that could reasonably be construed as amounting to a hostile work environment claim, Ms. Cueto has exhausted her administrative remedies as to her claim of a hostile work environment.

Defendants further argue that Plaintiff failed to exhaust her administrative remedies because her EEOC charge includes only allegations against James Chenault for sexual harassment and retaliation, while her First Amended Complaint also includes allegations of harassment by several other men. Specifically, in addition to her allegations against James Chenault, Plaintiff's First Amended Complaint includes allegations of sexual harassment against Leo Hernandez (unwanted sexual remarks and advances, including sexually explicit written material and his suggestion that things would be different if she had given James Chenault a chance), Brandon Chenault, James Chenault's son (unwanted physical contact accompanied by the question "Why have you been so mean to my dad? You could have been my mom"), and Ben Sosa (unwanted sexual advances) (Doc. 3). Because these alleged instances of sexual harassment are "reasonably related" to Plaintiff's allegations put forth in her EEOC charge, i.e., that she was a victim of a hostile work environment, Plaintiff has exhausted her administrative remedies in relation to these incidents as part of her hostile work environment claim. *See Jones v. Runyon*, 91 F.3d 1398, 1400 (10th Cir. 1996).

Defendants argue that Plaintiff failed to exhaust her administrative remedies as to Teaco because she did not specifically name Teaco a respondent in her EEOC charge. However, "omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII." *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). The Tenth Circuit has suggested that the following factors are relevant, but not necessarily mandated, in an examination as to whether a plaintiff may proceed in a Title VII action against a party not named in the EEOC charge: (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be

5

unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party, and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Id.* at 1312. The heart of the inquiry for both Title VII and NMHRA claims is whether there is an identity of interest or absence of an arm's-length relationship among the companies. *See Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1184 (10th Cir. 1999); *Romero*, 615 F.2d at 1311; *see also Galion v. Conmaco Intern., Inc.*, 99 N.M. 403, 406-07, 658 P.2d 1130, 1133-34 (N.M. 1983).

In this case, Defendants have admitted the following relevant facts in their Answer to Plaintiff's First Amended Complaint: (1) Plaintiff's salary was paid by Teaco; (2) Teaco and ABC Rental had a joint relationship with common management, interrelated operations, centralized control of labor relations, and a degree of common ownership, and (3) Plaintiff was directly supervised by LaNetta Jarret, who worked at the Teaco office (Docs. 3, 5). Defendants have affirmatively stated in their Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction that James Chenault was the Operations Manager and Vice-President of ABC Rental, Teaco, and Eunice Well at all times relevant to this lawsuit (Doc. 6). The EEOC mailed notice of Ms. Cueto's right to sue to Troy Teague at the following address: PO Box 1500, Hobbs, NM, 88241 (Doc. 7-7). The Human Rights Division also mailed a notice of Ms. Cueto's right to sue to Troy Teague (Doc. 7-8). Publicly available records indicate that Troy Teague is the President of ABC Rental, Teaco, and Eunice Well and that the mailing address of all three corporations is the same, i.e., PO Box 1500, Hobbs, NM, 88241 (Doc. 7-6). There can be no doubt that there is an identity of interest between ABC Rental and Teaco and that the two companies clearly lack an arm's length relationship. *See Romero*, 615 F.2d at *1311*; *Knowlton*, 189 F.3d at 1184. The Court, concluding that there was no

6

actual prejudice to Teaco, therefore, finds that Ms. Cueto exhausted her administrative remedies as to Teaco despite the fact that she did not list Teaco in her EEOC charge.

## IV.  Conclusion.

Because Plaintiff has exhausted her administrative remedies as to her claim of hostile work environment and as to her claims against Defendant Teaco, this Court has subject matter jurisdiction over these claims.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**